**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4875**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ELIAS KANEAL AZON, a/k/a Elias Kaneal Azan,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (4:08-cr-00060-F-1)

Submitted:  September 30, 2011  Decided:  October 18, 2011

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elias Kaneal Azon pled guilty to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). He was sentenced as a career offender to 210 months' imprisonment. On appeal, Azon contends that he was improperly characterized as a career offender because he does not have two prior felony convictions of either a crime of violence or a controlled substance offense, as required by U.S. Sentencing Guidelines Manual (USSG) § 4B1.1(a) (2008). Azon concedes that his 2008[1] North Carolina conviction for possession with intent to sell and deliver cocaine is a qualifying predicate conviction. However, he asserts that his North Carolina controlled substance convictions in 2004 and 2005 were not punishable by terms of imprisonment exceeding one year. See id. cmt. n.1 (applying definitions in USSG § 4B1.2); § 4B1.2(b) (defining "controlled substance offense"). He reasons that, under the North Carolina Structured Sentencing Act, his maximum sentence was twelve months, even applying the aggravated range. See N.C. Gen. Stat. § 15A-

_____

[1] Azon was arrested for this offense in 2006 and convicted in 2008.

1340.17(c)-(d) (2007) (applicable to offenses committed on or after Dec. 1, 1995, and on or before Nov. 30, 2009).[2]

When Azon raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In view of Simmons, we sustain Azon's objection.

Accordingly, while we affirm Azon's conviction, which is not challenged on appeal, we vacate his sentence and remand to the district court for resentencing.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[2] Subsequent amendments to the statute do not affect this case.

[3] Because we have concluded that Azon is entitled to resentencing, we find it unnecessary to address his remaining argument, which challenges the procedural reasonableness of his sentence.